## Ex Parte Castro.

### Appeal from the District Court of San Juan.

No. 72.—Decided November 21, 1904.

Dominion Title—Citation—Notice.—It is an indispensable requisite in a proceeding to secure a dominion title that the citation be personally served upon the former owners of the real estate, or predecessors in interest, if their domicile be known, and, if not, by publication of notice.

Id.—Possession—Title—Ordinary Prescription.—Mere possession for twenty-seven years, without title and without stating in what capacity such possession was enjoyed, is not sufficient to acquire the ownership of real estate by ordinary prescription, because under such circumstances both the old and new law requires the expiration of at least thirty years.

#### STATEMENT OF THE CASE.

This is a proceeding prosecuted in the former District Court of San Juan, by Attorney Emigdio S. Ginorio, on behalf of José de Castro López, seeking to obtain a declaration of ownership (dominion title) of a rural estate, which case is pending before us on an appeal taken by the counsel for the petitioner from the judgment rendered by aforesaid district court, which reads as follows:

"San Juan, Porto Rico, July 1, 1903. A hearing was had in these proceedings instituted by Attorney Emígdio S. Ginorio on behalf of José de Castro López for the purpose of establishing the ownership of a rural estate.

"In a petition dated November 30, 1902, said attorney set forth that his client was the owner of certain lands situated in barrio Quebrada Infierno, within the municipality of Carolina, formerly of Trujillo-Alto, consisting of 29 cuerdas of third-class land, with a frame and thatch-roofed dwelling-house, bounded on the east by lands belonging to the Estate of Juan de la Cruz Guadalupe; on the west by those of Policarpo Rivera; on the north by the lands of the aforesaid estate; and on the south by those of Nicolás Arroyo and Domingo Yumar; that he had acquired the same, free from incumbrances, more than twenty-seven years ago, by purchase of 16½ cuerdas from José López,

4½ *cuerdas* from José López Rivera, 1 *cuerda* from Felícita Sánchez, 1 *cuerda* from Martina López, 1 *cuerda* from Juliana Sánchez, 1 *cuerda* from Olalla Sánchez, and 1 *cuerda* from Quiterio Sánchez; and as he had no written title of ownership, for the purpose of securing the same he instituted the proper proceeding with citation of the former owners, of whom only the three last-mentioned were alive, the others having died, and the petitioner did not know who were their heirs, nor where they resided.

"The petition having been admitted, after hearing the district attorney and citing the persons from whom the property was acquired, and those who had any property right therein, as also the owners of the contiguous lands, notice was ordered to be given, by means of publication to the unknown persons whose interests might be prejudiced by the admission of such title to record, and a period of sixty days was fixed for the taking of such evidence as might be offered, and for the appearance of such persons to allege their rights. Without it being shown that the above-mentioned notices had been posted and published, Attorney Ginorio requested that the former owners whom he had in his first petition represented as being dead, be summoned by writs, which request was not acted upon, but the publication of the notices was required to be proved. Three copies of the *Heraldo Español* were filed with the record, in which appeared the aforesaid notices, and the citations served in Carolina on the 2d, 9th and 12th of January last, upon the former owners, Quiterio, Juliana and Olalla Sánchez and Justo Cruz y Figueroa, who said he represented the Estate of Juan de la Cruz Guadalupe, as well as upon Antero Sánchez, who claimed to represent the Estate of Domingo Yumar, and also Romualdo Rivera, who claimed to represent the Estate of Nicolás Arroyo, and aforesaid Olalla Sánchez, who declared she was the representative of the adjoining landowner, Policarpio Rivera, while no citation appears to have been made, in any manner whatever, as to the known heirs of José López, José López Rivera, Felícita Sánchez and Martina López, from whom the petitioner's client was said to have acquired, respectively, 16½ *cuerdas*, 4½ *cuerdas*, and 1 *cuerda* from each of the two last-mentioned.

"Three witnesses testified before the municipal judge of Carolina, namely, Julio Díaz y Monge, married and a property owner, Mariano Encarnación, married and a merchant, and Miguel Matos y Reyes, a property owner, married, all of legal age, and certified as known to him by the clerk of said municipal court, the depositions of said witnesses being confined to stating that they knew of their own knowl-

edge that Castro López has been in possession of the estate herein-before described for twenty-seven years without interruption by any-one.

"The period for taking the evidence having expired and the parties being summoned to an oral trial, inasmuch as the value of the property involved in these proceedings did not amount to $1,000, the trial was had on the 26th of May last, when Attorney Emigdio S. Ginorio presented such arguments as he deemed proper on behalf of the applicant.

"In the conduct of these proceedings the formalities required by law have not been observed, for among other omissions and irregularities of minor importance it is to be noticed that no citation was made of the former owners of the property, namely, José López, José López Rivera, Felícita Sanchez, and Martina López, or of their unknown heirs.

"Aforesaid citation, which should have been made in accordance with the provisions of Article 391 of the Mortgage Law, pursuant to the provisions of Article 395 thereof, was and is absolutely necessary in all proceedings to establish ownership, and much more so in the present case, where the witnesses produced by the claimant have not said one word as to the nature of the title of the person or persons from whom Castro López acquired the lands which he claims belong to him.

"Mere possession for twenty-seven years, without title and without explaining the nature of the right by which such possession is enjoyed, is not sufficient, as to real property, for the acquisition of ownership by prescription; for in such case both the old and new laws require the expiration of at least thirty years.

"In view of the provisions cited and such others of the Civil Code as are applicable to the case, the declaration of ownership (dominion title) applied for by José de Castro López is denied. Decided and signed by the judges of the court, to which I certify—Juan Morera Martinez, Frank H. Richmond concurring, except as to the conclusion referring to prescription, which, in my opinion, should not be complied with. José Tous Soto, Luis Méndez Vaz."

From the foregoing judgment an appeal was taken by the representative of the applicant, José de Castro López, which being allowed both for review and stay of proceedings, the record was sent up to this Supreme Court, after citation of

the parties, who duly appeared. The appeal was conducted under the proper procedure and a day set for the hearing, at which only the *fiscal* of this Supreme Court was present, who opposed the appeal.

Mr. *Emigdio S. Ginorio,* for appellant.

Mr. *Rossy, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

In view of the legal provisions cited therein, we adjudge that we should affirm, and do affirm, the aforesaid judgment, with costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.